(Hamilton Co. Court of Common Pleas.)

## STAMBACH v. FOX.

Where the purchaser pays a good consideration for the property and is not credited on account of such consideration in the amount of a mortgage which rests on the property at the time of the sale, he is not estopped from contesting the validity of such mortgage.

---

### JELKE, J.

If Mrs. Edith Fox paid a consideration, good and valuable in law, to George Fox, for the property conveyed by him to her, described in the deed and in the mortgage herein sought to be foreclosed, and was not credited on account of such consideration, in the amount of said mortgage, I am of opinion that she is not estopped from contesting the validity of the mortgage.

I come to this conclusion from a careful reading of Jones v. Insurance Company, 40 Ohio St., 583, and Jones on Mortgages, 5th Ed,. vol. 1, sec. 744.

The recital in the deed is made part of the warranting clause; it is not an exception, but a further express warranty, as follows: "And said lots 16, 17, 18, 22, and the south 13 feet of lot 21, are subject to a mortgage made by said George Fox to Joseph D. Taylor, administrator of Eliza J. Fox, deceased, recorded in mortgage book 525, p. 259, which mortgage has been assigned by Joseph D. Taylor, administrator, to Annie Fox Taylor, C. F. Stambach, and Edna B. Fox,, and said grantor expressly agrees to pay off and remove all of said incumbrances from all of said real estate."

It is evident from grantor's covenant to pay and remove this mortgage, that it was not credited to the grantee as part of the consideration.

"But if the mortgage to which a conveyance is made subject, is not deducted from the consideration, or made part of it, the recital does not estop the grantee from contesting its validity." Jones on Mortgages, sec. 744. The opinion (per Dickman, J.), in Jones v. Insurance Company, supra, is based on the fact that Jones had no better right to contest the mortgage than his grantor, Birkey, had, and that Birkey had no right, because in the conveyance to him by Wallace, he (Birkey), had received credit for the full amount of the mortgage, usury and all, as part of the consideration. and had confirmed this in the mortgage made by him (Birkey), to Wallace. The proposition involved in Jones v. Insurance Company, is the converse of the proposition quoted from Jones on Mortgages, supra, and both are true.

This brings us to the question of fact whether or not, there was an ante-nuptial contract. I find nothing in the evidence of Mr. Dennis, to lead me to the conclusion that there was. His testimony as to what Mr. Fox said, would to my mind tend the other way. The paper dated March 1, 1895, signed by Mr. Fox, points to such an agreement. As a determination of this issue of fact is not necessary to the conclusion I have reached, I will not find upon it.

[COPYRIGHT, 1898, BY CARL G. JAHN.]

I will assume, however, that there was such ante-nuptial agreement, and that it was the consideration for the deed.

Thus giving defendant the fullest scope to attack this mortgage, I do not find from the evidence that she has seriously shaken it.

"A mortgage imports a consideration, so that the burden is upon the party who sets up the want of consideration to prove that it was made without consideration, or was procured by fraud. There is also a presumption, that the consideration stated in the mortgage is correctly stated, and very convincing proof is required to rebut this presumption." Jones on Mortgages, sec. 613.

The original mortgage was executed at a time when there was every probability of a consideration passing from Eliza J. to George Fox, the obligation was re-affirmed, and secured in 1885, and last and most important of all, the obligation was again acknowledged, and mortgage securing the same again recognized in 1895, when George Fox was away from his children by his first wife, living with the defendant, and under her influence, if under anybody's, and in the very instrument by which the defendant takes title. I am of opinion that the mortgage is good.

Decree for plaintiff.

Wm. W. Ramsey, for the plaintiff.

Edward Colston, contra.